**A.L. LABORATORIES, INC., Petitioner,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

No. 87–1334.

United States Court of Appeals, District of Columbia Circuit.

Aug. 25, 1987.

---

John A. Amodeo, U.S. Dept. of Justice, and Francis S. Blake, General Counsel, E.P.A., Washington, D.C., were on respondent's motion to dismiss for lack of jurisdiction.

James H. Wallace, Jr., James M. Johnstone and Richard L. McConnell, Washington, D.C., were on petitioner's memorandum in opposition.

Before WALD, Chief Judge, ROBINSON and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioner A.L. Laboratories, Inc. ("A.L. Labs") requests this court to stay the effectiveness of the listing by respondent Environmental Protection Agency ("EPA") of bacitracin as an "extremely hazardous substance" under the Emergency Planning and Community Right-to-Know Act (the "Emergency Act"), 42 U.S.C.A. § 11002(a)(2) (West Supp.1987). EPA argues that this court lacks jurisdiction to review the agency's action. We agree.

This court has only such jurisdiction as Congress has conferred upon it. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). In its petition for review, A.L. Labs asserts that jurisdiction to review EPA's action properly lies in this court under The Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(a) (1982). In its motion to dismiss, EPA argues that this court's jurisdiction to review any regulation promulgated under CERCLA [1] does not apply in this case because the agency was acting not under CERCLA, but under the Emer-

gency Act—a wholly separate act. EPA argues further that the Emergency Act contains no provision conferring jurisdiction on this court to review the action taken by the agency in this case,[2] and that jurisdiction therefore lies in the district court pursuant to 28 U.S.C. § 1331 (1982). A.L. Labs argues, in its opposition to EPA's motion to dismiss, that the Emergency Act is merely an amendment to CERCLA, that EPA was consequently acting under CERCLA when it acted under the Emergency Act, and that jurisdiction to review the agency's action in this case therefore lies in this court under CERCLA, 42 U.S.C. § 9613(a).

This court's jurisdiction over this petition depends upon whether EPA, by acting under the Emergency Act, was acting under an independent statute—or whether it was acting under CERCLA through its amendments. If the Emergency Act stands independently, its provisions—not CERCLA's—determine this court's jurisdiction over the petition in this case. Our interpretive task is twofold: First, we must determine whether the Emergency Act is an independent statute; second, if we find that the Emergency Act is an independent statute, we must determine whether it contains any provision conferring on this court jurisdiction over the petition before us.

In 1986, Congress passed the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 (codified in scattered sections of 42 U.S.C.; 15 U.S.C.; 10 U.S.C.). The purpose of SARA, as stated in the preamble, is "to extend and amend [CERCLA], and for other purposes." *Id.* Title III of SARA is the Emergency Act. *Id.* at § 300(a) (stating that this title may be cited as the "Emergency Planning and Community Right-to-Know Act of 1986"). The legislative history of SARA clearly shows that Congress intended the Emergency Act to stand independently. As stated in the Con-

---

**1.** 42 U.S.C. § 9613(a) (1982).

**2.** *Cf.* 42 U.S.C.A. § 11046(a)(1)(B), (d) (West Supp.1987) (providing authority to citizens to bring civil actions against Administrator of EPA for failure to perform certain acts or duties, and providing district court jurisdiction over such actions).

ference Report, the House amendment providing that the Emergency Act be established "as a free-standing title, not amending CERCLA" was specifically adopted. H.R.Rep. No. 962, 99th Cong., 2d Sess. 281 (1986). We therefore conclude that the Emergency Act is not merely an amendment to CERCLA, but an independent act. Consequently, in order to review EPA's actions in this case, we must find a provision in the Emergency Act which confers jurisdiction on this court to do so. We find no such provision. Accordingly, we dismiss the petition.

*It is so ordered.*